UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RAMADA WORLDWIDE INC.**<br><br>**Plaintiff,**<br><br>v.<br><br>**MABRY'S LLC, STEVEN NGUYEN, and LYNN K. NGUYEN**,<br><br>**Defendants.** | Civ. No. 19-8643 (KM)(JBC)<br><br>**OPINION and ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion of the plaintiff, Ramada Worldwide Inc. ("Ramada") for a default judgment against the defendants, Mabry's LLC, Steven Nguyen, and Lynn K. Nguyen, pursuant to Fed. R. Civ. P. 55(b)(2). (DE 8) This action arises from an alleged breach of a Franchise Agreement between Ramada and Mabry's to operate a Ramada facility, and a Guaranty Agreement between Ramada and the Nguyens. For the reasons set forth below, I will enter a default judgment in the amount requested.

### I.   STANDARD FOR ENTRY OF DEFAULT JUDGMENT

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default

1

judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 03-cv-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Federal Practice and Procedure: Civil 3d §2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, CIV.A. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

2

## II. DISCUSSION

### a. Adequate Service & Defendants' Failure to Respond

The prerequisites for default judgment have been met.

In mid-April, 2019, the defendants were properly served, triggering the usual twenty-one day deadline to respond under Fed. R. Civ. P. 12(a). (DE 5, 11-3) On May 8, 2019, the court granted defendants' request for an additional 30 days, until June 7, 2019, to retain counsel and file an answer or other response to the complaint. (DE 6, 7) No response was forthcoming. On September 3, 2019, the Clerk entered default (DE 10), notice of which was served on the defendants (DE 11-3). On September 23, 2019, Ramada moved for entry of a default judgment. (DE 11)

The prerequisites to filing a default judgment are therefore met. *See Gold Kist, Inc.*, 756 F.2d at 18–19.

### b. Gold Kist factors

I next evaluate the following three factors: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

#### i. Meritorious defense (*Gold Kist* factor 1)

As to the first factor, my review of the record reveals no suggestion that Ramada's claims are legally flawed or that there is a meritorious defense to them. *See Doe*, 2013 WL 3772532, at *5. Accepting the factual allegations as true, I find that Ramada has stated a claim for breach of the Franchise Agreement and the Guaranty.

*a. Failure of Defendant Mabry's to obtain counsel*

There is a threshold barrier to the assertion of any defense by

defendant Mabry's, a corporate entity. No attorney has entered an appearance for Mabry's. The Nguyens, who are not attorneys, cannot represent Mabry's, and a corporation cannot appear *pro se:*

> "It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02, 113 S. Ct. 716, 121 L.Ed.2d 656 (1993); *see also Simbraw, Inc. v. United States*, 367 F.2d 373, 373–74 (3d Cir. 1966) (so holding). The same applies to LLCs, even those with only a single member, because even single-member LLCs have a legal identity separate from their members. *See United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007).

*Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012). Even where an unrepresented corporation has purported to appear and file an answer and counterclaims, its failure to obtain counsel within a reasonable time will properly support an order to strike the answer and enter default judgment. *See Star Pacific Corp. v. Star Atlantic Corp.,* 2009 WL 3380608 at*2 (D.N.J. Oct. 20, 2009) (Report & Recommendation of then-Magistrate Judge Arleo, adopted by order of District Judge Wigenton).

Mabry's requested and obtained a 30-day extension of time to obtain counsel and file an answer. An additional three months passed without action and default was entered by the clerk. In response to Ramada's motion for a default judgment, Lynn Nguyen submitted a response stating that defendants had been "unable to retain counsel in New Jersey." (DE 13 ¶ 4) No further explanation is given, and the statement does not suggest any reason to think that situation will change.

As a threshold matter, then, I find that Mabry's has not asserted a viable defense, or indicated that it could assert a viable defense, through counsel as required by law.

### b. *Merits*

Under New Jersey law, "[t]o state a claim for breach of contract, [a plaintiff] must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007).

Ramada's Complaint is based on two contracts: the Franchise Agreement with Mabry's and the Guaranty of the Nguyens (attached to the complaint and Fenimore Affidavit as exhibits A & B (DE 1, DE 11-4). The Nguyens do not deny that defendants were obligated, *e.g.,* to pay certain recurring fees, or that they defaulted on that obligation.

Rather, Ms. Nguyen states in her response (DE 12) that their lender foreclosed on the property and that they do not own it anymore. That is not a defense to breach of a contract which obligated defendants to operate the facility, pay recurring fees, and pay liquidated damages of $1000 per room. *See* Franchise Agreement §§ 11.2, 12.1, 18.1,

Defendants assert only that they do not owe fees that accrued after they lost control of the property. Ms. Nguyen states in her unsworn response that the defendants have not owned the hotel since January 11, 2017, but that Ramada "continue[d] to wrongfully assess franchise fees to Mabry's LLC for many months" after the lender took over the property. I give that statement no weight. Although some of the itemized statements are *dated* after January 11, 2017, they relate to fees that *accrued* before that date. (DE 11-4, Fenimore Aff. ¶ 20; *see also id.* ¶ 22 & n.1) Throughout its submissions, Ramada acknowledges that the "Termination Date" is January 11, 2017. (*See, e.g.*, DE 1 (Complaint ¶ 25); DE 11-4 at 60 (Demand letter)) I do not regard Ms. Nguyen's general, unsworn, and undocumented statement as sufficient to raise a meritorious issue.

> ii. Prejudice suffered by party seeking default & culpability of the parties subject to default (*Gold Kist* factors 2, 3)

The second and third factors also weigh in favor of default. Defendants were properly served but have failed to appear and defend themselves in any manner. *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, CIV. 11-624 JBS/JS, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding that "Plaintiffs have been prejudiced by the Defendants' failure to answer because they have been prevented from prosecuting their case, engaging in discovery, and seeking relief in the normal fashion."). Absent any evidence to the contrary, "the Defendant[s'] failure to answer evinces the Defendant[s'] culpability in [the] default. *Id.* And "[t]here is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* at *4 (citing *Prudential Ins. Co. of America v. Taylor*, No. 08–2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is nothing before the court to suggest anything other than that the defendant's willful negligence caused the defendant to fail to file an answer, the defendant's conduct is culpable and warrants default judgment)).

The defendants have attempted throughout to informally bring their contentions before the court, without actually answering the complaint or providing evidence. That strategy, if permitted, would unfairly prejudice any plaintiff.

The only possible conclusion based on the record is that the defendants breached their obligations under the Franchise Agreement and the Guaranty; that they, not Ramada, were culpable for the breach; and that Ramada was prejudiced as a result. Accordingly, I find that the entry of a default judgment is appropriate.

### c. Damages

Ramada seeks $225,685.68 in liquidated damages (*i.e.,* $1000 multiplied by the 152 rooms in operation at the time of the termination, plus prejudment interest). It also seeks $40,715.09 in delinquent recurring fees (principal plus prejudgment interest). For the reasons stated above, the defendants, although they have submitted an informal response, have not proffered any sufficient basis to contest these figures.

### ORDER

IT IS THEREFORE this 18th day of April, 2020

ORDERED that Plaintiff's motion for a default judgment (DE 11) is GRANTED; and it if further

ORDERED that a default judgment will be entered in favor of the plaintiff, and against defendants, in a total amount of $266,400.77, with post-judgment interest to accrue from this date at the appropriate rate pursuant to 28 U.S.C. §1961.

An appropriate judgment will be entered in accordance with this Opinion and Order. The clerk shall close the file.

/s/ Kevin McNulty

---

**Kevin McNulty**
**United States District Judge**